784 So.2d 442 (2001)
T.M., a juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. SC00-1194.
Supreme Court of Florida.
April 26, 2001.
Bruce G. Howie of Piper, Ludin, Howie & Werner, P.A., St. Petersburg, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Michael J. Neimand, Assistant Attorney General, Fort Lauderdale, FL, for Respondent.
PER CURIAM.
We have for review the decision in State v. T.M., 761 So.2d 1140 (Fla. 2d DCA 2000), in which the Second District Court of Appeal certified two questions to be of great public importance. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The facts as summarized from the district court's opinion are as follows. The City of Pinellas Park adopted a juvenile curfew ordinance to reduce juvenile crime and victimization. See T.M., 761 So.2d at 1143. The ordinance declares it unlawful for a juvenile to be or remain in a public place or establishment between 11 p.m. *443 and 6 a.m. of the following day on Sundays through Thursdays, and 12:01 a.m. through 6 a.m. on Saturdays, Sundays, and legal holidays. See id. The ordinance defines a juvenile as any person under eighteen years of age who is not legally emancipated. See id. at 1144. Parents violate the ordinance if they knowingly allow their child to violate the curfew. See id.
Petitioner T.M., a juvenile, was cited along with two other juveniles for violating the ordinance. See id. The State Attorney's office filed petitions for delinquency against the juveniles. See id. Prior to trial, the juveniles moved to dismiss the case, arguing that the ordinance was unconstitutional because it infringed upon certain fundamental rights, was vague and overly broad, and was inconsistent with state law. See id. The trial court granted the motion to dismiss, finding that parents had a fundamental right to raise their children without governmental intrusion and that, while the State had a compelling interest in reducing juvenile crime and victimization, the ordinance was not narrowly tailored in the least restrictive manner to achieve that interest. See id. at 1144-45.
On appeal, the district court reversed, finding that the ordinance did not infringe on any fundamental rights of juveniles or parents. See id. at 1146-48. The district court found that, even if juveniles had a fundamental right to move about freely, that right did not extend to being in a public place at night without adult supervision. See id. at 1146. Similarly, the district court concluded that, while parents have a fundamental interest in the care, custody, and management of their children, a parent does not possess a fundamental right to allow his or her child to be in a public place or establishment at night without adult supervision. See id. at 1148. While concluding that the curfew did not impact any fundamental rights, the district court found that competing parental and government interests along with a juvenile's limited liberty interest in freedom of movement required that the ordinance be reviewed with heightened scrutiny to determine if the ordinance unconstitutionally infringed upon the rights of juveniles or parents.[1]See id. at 1146-49. In applying *444 heightened scrutiny, the district court concluded that the statistical data presented by the State at the hearing on the motion to dismiss demonstrated that the city had an important interest in reducing juvenile crime and victimization and that the ordinance was substantially related to that interest. See id. at 1148. The district court also found that the various exceptions to the ordinance sufficiently narrowed its scope to withstand heightened scrutiny.[2]See id. at 1146-48.
The district court recognized, however, that its decision turned largely on the level of scrutiny used to review the ordinance and certified the following questions to be of great public importance:
WHAT LEVEL OF SCRUTINY MUST A COURT APPLY WHEN REVIEWING THE CONSTITUTIONALITY OF A JUVENILE CURFEW ORDNANCE?
WHETHER THE PINELLAS PARK JUVENILE CURFEW ORDINANCE IS CONSTITUTIONAL?
Id. at 1150.
On review in this Court, the State, represented by the Office of the Attorney General, conceded in its answer brief and affirmatively maintained at oral argument that strict scrutiny should apply to the ordinance in question.[3] We agree and hold in answer to the first certified question that strict scrutiny applies when reviewing a juvenile curfew ordinance.
Because the district court applied heightened rather than strict scrutiny we remand this case for further consideration. We decline to address the remaining issues raised by the parties. See City of Hollywood v. Lombardi, 770 So.2d 1196, 1206 (Fla.2000). Rather, we quash the decision below and remand this case to the district court for further proceedings consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The district court noted that different standards applied when reviewing a law that affects a substantive right:

If a law impairs a fundamental right, that is, a right which has its source in, and is explicitly guaranteed by, the federal and/or Florida constitutions, the court strictly scrutinizes the law. See, e.g., Reno v. Flores, 507 U.S. 292 [, 113 S.Ct. 1439, 123 L.Ed.2d 1] (1993). To withstand strict scrutiny, a law must be necessary to promote a compelling governmental interest and must be narrowly tailored to advance that interest. See id.; Qutb v. Strauss, 11 F.3d 488, 492 (5th Cir.1993) (applying strict scrutiny to review Dallas ordinance). Alternatively, if the court determines the right not to be a fundamental right, the rational basis test applies. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 40 [, 93 S.Ct. 1278, 36 L.Ed.2d 16] (1973). To withstand a rational basis review, the law must "bear some rational relationship to legitimate state purposes." Id. Finally, in a limited number of contexts, a middle-level review, also known as intermediate or heightened scrutiny, applies where the governmental objective is important, and the means to obtain that objective are substantially related to the objective. See, e.g., Craig v. Boren, 429 U.S. 190 [, 97 S.Ct. 451, 50 L.Ed.2d 397] (1976).
Id. at 1144 n. 2.
In prior cases, this Court has equated "heightened scrutiny" with "strict scrutiny," requiring a compelling governmental interest. The district court's use of the term "heightened scrutiny," however, refers to an intermediate level of scrutiny as set forth in Amendments to Rules Regulating the Florida Bar Advertising Rules, 762 So.2d 392, 396 (Fla. 1999). But see Palm Harbor Special Fire Control Dist. v. Kelly, 516 So.2d 249, 251 (Fla. 1987) (heightened scrutiny requires showing that statute advances compelling state interest by least restrictive means).
[2] The district court also considered and rejected claims that the ordinance was void because it was unconstitutionally vague, overbroad, or inconsistent with state law.
[3] The petitioner likewise maintains that the level of review is strict scrutiny.